## Case No. 559.

### ARNOLD v. JONES.

[Bee, 104.][1]

District Court, D. South Carolina. July 14, 1798.

NEW TRIAL—APPLICATION—STAY OF EXECUTION— ENTRY OF JUDGMENT.

Motion for a new trial does not suspend the entering of judgment after one verdict; but

• [Reported by Hon. Thomas Bee, District Judge.]

execution will be stayed on application to the court.

BEE, District Judge. Notice has been given in writing to the attorney of the plaintiff, that a motion for a new trial will be made in the circuit court in October next, or sooner if possible; and reasons are assigned in the said notice agreeably to the 30th rule of court as established in May term 1797. The question for my determination is whether by any law of the United States the defendant may stay judgment till the next circuit court; or whether the 18th section of the judiciary act [1 Stat. 83] is to be strictly followed. It is not contended that the right of new trial is taken away, though modified by the latter. This 18th section has, indeed, entirely altered the system pursued in the state courts, and derived from those of Great Britain; and the same is done by other parts of the judiciary act; which also gives a general power to the courts of the United States to make rules for the government of .their own proceedings. In doing this, great care has been taken to avoid what might be repugnant to the laws of the United States; and the act of March 1793, entitled "an act in addition to the judiciary act," [1 Stat. 333,] expressly provides, that all· such rules and orders as may at any time be made shall be fit and necessary for the advancement of justice, and to prevent delay, &c. The judiciary act also holds out the doctrine of appeals from the inferior courts in almost every instance, and has materially changed the common law in this respect. The system provides that, in cases of writs of error, and motions for new trial, execution may be stayed, on certain conditions; and motions for new trial are allowed by it after judgment contrary to the practice at common law.

Writs of error, if lodged within a prescribed time, operate as a supersedeas to execution; and so far the interests of .one of the parties is consulted. On the other hand, this writ cannot be had till security is given to answer damages. Motions for new trial may also be granted even after judgment; but such judgment shall be signed and stand as security in the first instance; after which, on petition, and certificate of the judge, that he allows the same, execution shall be stayed to the next circuit court. If these cautions were disregarded, the consequence would be a delay of justice almost equal to a denial of it. Motions for new trial might succeed each other to the ruin of the plaintiff, and in spite of two or three verdicts in his favour; and the 18th clause of the judiciary act would be rendered nugatory. It is true, that at common law, a third trial has sometimes been granted, but only under peculiar circumstances. Besides which it must be recollected that the verdict of a jury cannot otherwise, .by that system, be reconsidered. Whereas, after new trial in the courts of the United States, the dissatisfied

party may still appeal to the supreme court, if the matter in dispute exceed the value of 2000 dollars.

Upon the whole, I think the law intended that judgment should be signed previously to the motion for a new trial.